UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

S.C.G., a minor child, through his next friend,
JAMANIC REAVES, and K.L.P., on behalf of
themselves and all others similarly situated,

        Plaintiffs,                        Case No.:

v.

CANDICE BROCE, in her official
capacity as COMMISSIONER OF THE
GEORGIA DEPARTMENT OF HUMAN
SERVICES,

        Defendant.
_____/

**CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.    INTRODUCTION**

1.    This is an action for declaratory and injunctive relief under 42 U.S.C. § 1983 to enjoin Defendant Broce and her agents, employees, and all persons acting in concert with her (hereinafter "Defendant") from continuing to violate the rights of Plaintiffs and similarly situated undocumented children and young adults by denying them legal representation in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, by denying them extended foster care services in violation of the Due Process Clause of the Fourteenth

Amendment, and by failing to timely implement their case plans in violation of 42 U.S.C. § 671(a)(16).

2. This action challenges Defendant's failure to timely implement the case plans of Plaintiffs and similarly situated undocumented children which subjects them to imminent harm. Specifically, this action challenges Defendant's policy of denying legal representation to undocumented children in the custody of the Georgia Division of Family and Children Services ("DFCS") in order to seek a timely Special Immigrant Juvenile Status ("SIJS") visa in furtherance of the children's permanency plans. Without a SIJS visa, Plaintiffs and similarly undocumented children cannot access further public benefits such as extended foster care upon turning 18 years of age.

3. This action also challenges Defendant's practice of denying notice and a hearing to Plaintiffs and similarly situated undocumented children in DFCS custody regarding the denial of extended foster care services upon turning 18 years of age.

4. Finally, this action challenges Defendant's practice of failing to implement the case plans of Plaintiffs and similarly situated undocumented children in DFCS custody.

5. But for Defendant's violations of Plaintiffs' rights, Plaintiffs would have been provided timely legal assistance as part of their case plans to secure a

SIJS visa prior to their eighteenth birthdays and they would continue to receive foster care services beyond their eighteenth birthdays.  As a result of the actions and inactions of Defendant and her agents, Plaintiff S.C.G. will not have a SIJS visa upon turning 18, he will be denied needed extended foster care services, and he will be left with no means of supporting himself.  As a result of the actions and inactions of Defendant and her agents, Plaintiff K.L.P. did not have a SIJS visa upon turning 18, was denied extended foster care services, and has been left with no means of supporting herself.

6. Defendant's policies and practices regarding undocumented children are discriminatory, arbitrary, and capricious and do not further any substantial state interest.  Defendant's policies and practices frustrate the state's stated interest in securing the moral, emotional, mental, and physical welfare of dependent children such as Plaintiff and similarly situated undocumented children in the Defendant's custody. *See* O.C.G.A. § 15-11-1.

7. Plaintiffs bring this class action on behalf of themselves and similarly situated undocumented children in DFCS custody against Defendant in her official capacity seeking declaratory and injunctive relief to enforce the rights of undocumented children in DFCS custody to equal protection and due process of law and to have their case plans implemented.

## II. JURISDICTION

8. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, which provides for original jurisdiction over all civil suits involving questions of federal law, and 28 U.S.C. §§ 1343(3) and (4), which grant this Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities guaranteed by the U.S. Constitution and Acts of Congress.

9. Plaintiffs seek declaratory, injunctive, and other appropriate relief, pursuant to 28 U.S.C. §§ 2201 and 2202; Fed. R. Civ. P. 23, 57 and 65; and 42 U.S.C. § 1983.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper as Defendant Candice Broce's business office as Commissioner of the Georgia Department of Human Services is located within the Northern District of Georgia and a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Georgia.

## III. PARTIES

11. Plaintiff S.C.G. is seventeen (17) years old male who lives in Savannah, Georgia, with his foster parent, Jamanic Reaves.

12. Jamanic Reaves is representing Plaintiff S.C.G.'s interests in this action as a Next Friend pursuant to Fed.R.Civ.P. 17(c).

13. Plaintiff K.L.P. is an 18-year old female who lives in Power Springs, Georgia.

14. Defendant Candice Broce is the Commissioner of the Georgia Department of Human Services ("DHS"). *See* O.C.G.A. § 49-2-1. As Commissioner of DHS, Defendant Broce is responsible for the administration and operation of DHS. DFCS is a division of DHS.  DHS is the agency responsible for the work of DFCS and responsible for both the care of S.C.G. and for the policies and practices challenged herein.  She can be served at the headquarters of the DHS located at 2 Peachtree St., Atlanta, GA  30303. Defendant Broce is sued solely in her official capacity. (Throughout this complaint, Defendant Broce and DFCS will sometimes be collectively referred to as "Defendant" or "DFCS").

## IV. STATEMENT OF FACTS

15. Plaintiff S.C.G. is an undocumented national of Guatemala who was abused and abandoned by his parents in the United States. He is in the custody of the Polk County office of DFCS.  He has lived in Mr. Reaves' home since he was 15 years old.  He is deaf and has been diagnosed with a developmental delay.  He attends school at the Georgia School for the Deaf.

16. Plaintiff S.C.G. is in the custody of DFCS pursuant to an order of the Polk County (Georgia) Juvenile Court.  Said juvenile court, exercising proper jurisdiction over S.C.G. as a dependent child, has entered findings that

reunification with one or both of S.C.G.'s parents is not viable due to abuse, battery, abandonment, or neglect under state law and that it would not be in S.C.G.'s best interests to be returned to his country of nationality or last residence.

17. Plaintiff K.L.P. is an undocumented national of El Salvador who was in the custody of Georgia DFCS pursuant to an order of the Clarke County (Georgia) Juvenile Court. Said juvenile court, exercising proper jurisdiction over K.L.P as a dependent child, entered findings that reunification with one or both of K.L.P.'s parents was not viable due to abuse, battery, abandonment, or neglect under state law and that it would not be in K.L.P.'s best interests to be returned to her country of nationality or last residence.

18. State and federal law requires DFCS to develop and implement a detailed case plan for each of the Plaintiffs as children in foster care. See O.C.G.A. § 15-11-201; 42 U.S.C. § 671(a)(16).

19. Because Plaintiffs are or were undocumented children in foster care whom the Juvenile Courts determined should not be reunified with one or both parents due to abuse or neglect, they are eligible for Special Immigrant Juvenile Status ("SIJS") visas. See 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11.

20. DFCS policy required the agency to pursue a permanency case plan for Plaintiffs and similarly situated undocumented children in DFCS custody that

included seeking immigration status relief under a SIJS visa. *See* DFCS Policy No. 10.17.

21.     DFCS developed a permanency case plan for each Plaintiff. Upon information and belief, the permanency case plan included seeking a SIJS visa for each Plaintiff.

22.     Because Plaintiffs were not candidates for reunification with their parents, DFCS was required to make reasonable efforts to complete whatever steps are necessary to finalize Plaintiffs' permanency case plans. O.C.G.A. § 15-11-203(b)(2); 42 U.S.C. § 671(a)(15)(E)(ii).

23.     DFCS failed to timely pursue an SIJS visa for Plaintiffs as part of their permanency case plans by retaining qualified legal counsel to apply for the visa.

24.     DFCS will regularly retain legal counsel for children in custody if required to obtain needed benefits or services as part of the permanency plan such as eligibility for supplemental security income ("SSI") payments from the Social Security Administration or special education services from public schools.

25.     DFCS has taken the policy position that it cannot procure the assistance of an attorney to pursue a SIJS visa as part of a permanency plan for undocumented children under 18 due to restrictions set forth in the Georgia

Security and Immigration Compliance Act of 2006 (2005 Ga. Senate Bill 529)("GSICA"). *See* DFCS Policy No. 10.17.

26. However, GSICA only requires the verification of immigration status for persons **over the age of 18**. Additionally, verification of lawful presence shall not be required for any purpose for which lawful presence in the United States is not required by law, ordinance, or regulation. O.C.G.A. § 50-36-1(c)(1).

27. As a result of DFCS's failure to timely pursue an SIJS visa, advocates for Plaintiffs had to locate and engage *pro bono* attorney services to apply for the SIJS visa on their behalf. Such free legal services are often hard to obtain, and, upon information and belief, the process for obtaining the SIJS visa is backlogged and delayed, taking a year or more.

28. Plaintiff S.C.G. turns 18 in less than two (2) weeks. A SIJS application was submitted on his behalf by a pro bono attorney. Upon information and belief, he will not be granted a SIJS visa prior to his 18th birthday.

29. Plaintiff K.L.P. turned 18 in May, 2021. A SIJS application was submitted on her behalf by a pro bono attorney. K.L.P. has not yet been granted a SIJS visa.

30. As a direct and proximate result of Defendant's denial of immigration legal counsel to Plaintiff S.C.G, a timely application for an SIJS vias was not

submitted on Plaintiff's behalf and he will not have legal status when he turns 18 in April 2022.

31. As a direct and proximate result of Defendant's denial of immigration legal counsel to Plaintiff K.L.P., a timely application for an SIJS visa was not submitted on K.L.P.'s behalf.

32. The State of Georgia, through DFCS, participates in the John H. Chafee Foster Care Program for Successful Transition to Adulthood ("Chafee Program"), as modified by the Fostering Connections to Success and Increasing Adoptions Act of 2008 (P.L. 110-351), codified at 42 USC § 677. This statute provides the State with benefits for foster youth transitioning to adulthood, generally referred to as an "independent living program" or "extended foster care." It is widely recognized that youth in foster care who do not achieve permanency by the age of 18 face high rates of homelessness, unemployment, severe poverty, and other challenges.[1] The Chafee Program is designed "to provide financial, housing counseling, employment, education, and other appropriate support and services to former foster care recipients between 18 and 21 years of age . . . to complement their own efforts to achieve self-sufficiency." 42 USC § 677 (a)(4). The Fostering

---

[1] https://www.aecf.org/blog/first-of-its-kind-national-data-track-troubling-outcomes-of-youth-transitioning

Connections Act bolstered the Chafee program and made extended foster care services an entitlement for qualifying youth.

33. Georgia annually receives federal funds through The Fostering Connections Act to provide extended foster care services to qualifying youth. To receive such funds, the Governor is required to certify that "the State will provide assistance and services to youths who have aged out of foster care and have not attained 21 years of age . . . ." 42 USC § 677 (b)(3)(i). On information and belief, Georgia's Governor has so certified.

34. To implement the provision assuring Chafee Program services are provided to former foster youth, Georgia's General Assembly enacted OCGA § 15-11-340 through 15-11-342 to provide extended foster care to youth between the ages of 18 and 21.

35. Under Georgia law, children in foster care who do not find a permanent home before their 18th birthday through reunification with family, guardianship, or adoption are eligible for extended foster care until the age of 21. See O.C.G.A. § 15-11-340. Children in extended foster care can continue to receive residential, vocational, and educational support necessary to their becoming responsible adults.

36. Youth in extended foster care are defined as "children" pursuant to OCGA § 15-11-2 and remain eligible for these services so long as they meet one of the following criteria set forth in OCGA § 15-11-340 (a):

(1) Be completing secondary education or a program leading to an equivalent credential;
(2) Be enrolled in an institution which provides postsecondary or vocational education;
(3) Be a participant in a program or activity designed to promote or remove barriers to employment;
(4) Be employed for at least 120 hours per month;
(5) Be employed for 80 hours per month, provided that he or she is also engaged in one of the activities described in paragraphs (1) through (3) of this subsection or can only work 80 hours per month due to a medical condition; or
(6) Be incapable of doing any of the activities described in paragraphs (1) through (5) of this subsection due to a medical condition.

37. Given his disability and the fact that he remains in high school, Plaintiff S.C.G. meets one or more of the above criteria, making him categorically eligible for extended foster care.

38. Plaintiff K.L.P. also would qualify for extended foster care pursuant to these criteria as she is still in high school.

39. However, DFCS has set forth in Child Welfare Policy 10.17 an exception for undocumented children in Plaintiffs' position:

> "In accordance with the Georgia Immigration and Security Act, no state or local government funding is available for undocumented immigrant children once they reach 18 years of age unless/until they obtain a legal immigration status."

*See also* DFCS Child Welfare Policy 13.1.

40. Pursuant to this policy, Plaintiff K.L.P. has been denied extended foster care after turning 18 and was ejected from extended foster care around November, 2021.

41. Plaintiff S.C.G., likewise, will not receive extended foster care services after April 11, 2022, due to Defendant's policy.

42. Defendant has denied Plaintiffs and similarly situated undocumented children in DFCS custody extended foster care services to which they are entitled under Georgia law, and has done so without any notice to them or an opportunity to challenge the denial through a hearing.

## IV. CLASS ALLEGATIONS

43. Plaintiffs bring this class action on behalf of themselves and all other individuals similarly situated in the State of Georgia pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

44. The Plaintiffs bring this action as a statewide class action on behalf of:

All undocumented individuals under the age of 21 as of the date of this filing who (1) are in the custody of Georgia DFCS or were in the custody of Georgia DFCS when they turned 18 years of age; (2) have been or will be determined by a Georgia juvenile court with jurisdiction over the individual to meet the following criteria prior to the age of 18:  (a) that the child is dependent as defined by Georgia law; (b) that reunification with one or both of the child's parents is not viable due to abuse, battery, abandonment, neglect, or similar basis under Georgia law; and (c) that it would not be in the child's best interest to be returned to his or her country of nationality or last

residence; and (3) have been or will be denied legal representation by DFCS in timely applying for a Special Immigrant Juvenile Status visa in furtherance of their permanency plans so they qualify for extended foster care services upon turning 18.

45. The requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure are met for the following reasons:

    a. The class is so numerous that joinder of all members is impracticable. On information and belief, the number of putative class members currently exceeds 50 children and young adults, and many new class members will enter the class during the pendency of this litigation;

    b. The claims of the named Plaintiffs and Plaintiff Class raise common questions of law and fact. Each of the putative class members has been or will be subjected to the arbitrary, capricious, and discriminatory policies and practices of Defendant. Each has or will have the same legal status as undocumented children eligible for a SIJS visa who are or have recently been in the custody of DFCS and who are, have been, or will be denied by Defendant the benefits of State-provided timely legal assistance to obtain the SIJS visa prior to turning 18. Each has or will be denied extended foster care services by Defendant without notice or an opportunity for a hearing to challenge the denial. Each has or will

be denied effective implementation of their case plan by Defendant.

c. The claims of the Plaintiffs are typical of the claims of the class in that the claims of the class and the representative Plaintiffs arise from the same policies and practices of Defendant to deny legal representation to undocumented children in DFCS custody regarding SIJS visas, to deny them extended foster care services without notice or a hearing, and to deny implementation of their case plans.

d. The representative Plaintiffs will fairly and adequately protect the rights of the class because he suffers from the same deprivation as the other class members and has been denied the same federal right that he seeks to enforce on behalf of those other class members.

e. The Plaintiffs' interests in obtaining injunctive relief for the violations of their rights and privileges are consistent with and not antagonistic to those of any person within the class.

f. The interests of the class will be adequately protected as Plaintiffs are represented by attorneys with deep experience in federal and state child welfare law and policy as well as class action management.

46. Defendant has acted on grounds generally applicable to the class by violating the class members' rights under the 14th Amendment to equal protection under the law and due process of law, and under the Adoption Assistance and Child Welfare Act, thereby making it appropriate for declaratory and injunctive relief on behalf of the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## V. LEGAL CLAIMS

### COUNT I – Violation of the Equal Protection Clause of the 14th Amendment

47. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 46.

48. Under the Fourteenth Amendment of the United States Constitution, "[n]o State shall . . . deny to any person within its jurisdiction the equal protections of the laws."

49. Defendant and her agents violate the Equal Protection Clause of the Fourteenth Amendment when they deny undocumented children in DFCS custody such as Plaintiffs and the Plaintiff Class legal counsel to apply for a SIJS visa as part of their permanency case plan.

50. Defendant's practice is to retain legal counsel for children in DFCS custody if counsel is required to obtain needed benefits or services as part of the permanency case plan such as eligibility for supplemental security income ("SSI")

15

payments from the Social Security Administration or special education services from public schools; but denies undocumented children in DFCS custody such as Plaintiffs legal counsel to apply for a SIJS visa without a valid reason.

51. Plaintiffs seek injunctive and declaratory relief on behalf of themselves and similarly situated undocumented children in DFCS custody against Defendant in her official capacity under 42 U.S.C. § 1983 to enjoin violations of the Equal Protection Clause of the Fourteenth Amendment.

**COUNT II – Violation of the Due Process Clause of the 14th Amendment**

52. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 46.

53. Under the Fourteenth Amendment of the United States Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law."

54. The Due Process Clause of the Fourteenth Amendment "requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)(citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950)).

55. Recipients of public benefits "ha[ve] a 'property' interest in their continued receipt." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 320 n.8 (1985).

56. Plaintiffs and similarly situated undocumented children in DFCS custody who will not find a permanent home before their 18th birthday are entitled to continued foster care benefits pursuant to O.C.G.A. § 15-11-340.

57. Defendant and her agents violate the Due Process Clause of the Fourteenth Amendment when they deny undocumented children in DFCS custody such as Plaintiffs and the Plaintiff Class extended foster care services without notice and an opportunity to be heard.

58. Plaintiffs seek injunctive and declaratory relief on behalf of himself and similarly situated undocumented children in DFCS custody against Defendant in her official capacity under 42 U.S.C. § 1983 to enjoin violations of the Due Process Clause of the Fourteenth Amendment.

**COUNT III – Violation of the Adoption Assistance and Child Welfare Act, 42 U.S.C. § 671 *et seq*.**

59. Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 46.

60. Each child in DFCS custody has a right to a case plan consistent with the best interests and special needs of the child pursuant to 42 U.S.C. § 671(a)(16).

17

61. Defendant and her agents violate 42 U.S.C. § 671(a)(16) when they fail to develop and timely implement the case plans of undocumented children in DFCS custody such as the Plaintiffs and Plaintiff Class by failing to retain legal counsel for them to apply for a SIJS visa and secure their lawful status prior to turning 18.

62. Plaintiffs seek injunctive and declaratory relief on behalf of himself and similarly situated undocumented children in DFCS custody against Defendant in her official capacity under 42 U.S.C. § 1983 to enjoin violations of 42 U.S.C. § 671(a)(16).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Certify this action as a class action and appoint Plaintiffs as Class Representatives;

(b) Declare that Defendant's policy of denying Plaintiffs and similarly situated members of the Plaintiff Class the benefits of legal assistance to implement their case plans as well as extended foster care is illegal, unconstitutional, arbitrary and capricious, and a violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution;

(c) Declare Defendant's failure to provide Plaintiffs and similarly situated members of the Plaintiff Class with notice and an opportunity for a hearing

regarding the denial of extended foster care services a violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution;

(d)     Declare that Defendant's failure to implement the case plans of Plaintiffs and similarly situated members of the Plaintiff Class a violation of their rights under 42 U.S.C. § 471(a)(16).

(e)     Issue preliminary and permanent injunctive relief enjoining Defendant from refusing to provide immigration legal counsel and extended foster care services to Plaintiffs and members of the Plaintiff Class;

(f)     Issue preliminary and permanent injunctive relief enjoining Defendant from failing to provide timely and adequate notice and a hearing to Plaintiffs and members of the Plaintiff Class regarding the denial of extended foster care services;

(g)     Issue preliminary and permanent injunctive relief enjoining Defendant from failing to implement the case plans of the Plaintiffs and members of the Plaintiff Class;

(h)     Award Plaintiffs their litigation costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(i)     Award such other relief as may be just, equitable and appropriate.

Respectfully submitted this 4th day of April, 2022.

                                          s/Thomas Rawlings
                                          Thomas C. Rawlings
                                          Georgia Bar No. 595795
                                          Deborah A. Ausburn
                                          Georgia Bar No.  028610

**TAYLOR ENGLISH AND DUMA LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone:  (770) 434-6868
Facsimile:  (770) 434-7376
E-mail:      trawlings@taylorenglish.com
                dausburn@taylorenglish.com


                                          s/ Joshua H. Norris
                                          Georgia Bar No. 545854

**Law Office of Joshua H. Norris, LLC**
One West Court Square
Suite 750
Decatur, Georgia 30030
Telephone:  (404)867-6188
Facsimile:  (404)393-9680
E-mail:      josh.norris@childrenshealthlaw.org