IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| S.C.G., *a minor child, by and through his next friend*, JAMANIC REAVES, and K.L.P., *on behalf of themselves and all others similarly situated*,<br><br>       Plaintiffs,<br><br>   v.<br><br>CANDICE BROCE, *in her Official Capacity as Commissioner of the Department of Human Services*,<br><br>       Defendant. | CIVIL ACTION<br>1:22-cv-01324-LMM |

**AMENDED CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure,

Plaintiffs file this Amended Complaint and allege as follows:

## I.      INTRODUCTION

1.      This is an action for declaratory and injunctive relief under 42 U.S.C.

§ 1983 to enjoin Defendant Broce and her agents, employees, and all persons

acting in concert with her (hereinafter "Defendant") from continuing to violate the

rights of Plaintiffs and similarly situated undocumented children and youth by

failing to timely implement their case plans in violation of the Adoption Assistance

and Child Welfare Act, 42 U.S.C. § 671(a)(16) and O.C.G.A. §§ 15-11-201&203(b)(2), and by failing to provide notice of the denial of extended foster care services and a right to a hearing in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and of the Due Process Clause of the Georgia Constitution.

2.     This action challenges Defendant's failure to timely and fully implement the case plans of Plaintiffs and similarly situated undocumented children and youth in the custody of the Georgia Division of Family and Children Services ("DFCS") which subjects them to imminent harm.  Specifically, this action challenges Defendant's policy of failing to timely pursue a Special Immigrant Juvenile ("SIJ") classification as part of the permanency case plans of Plaintiffs and similarly situated undocumented children.  Without a SIJ classification, Plaintiffs and similarly undocumented children are subject to removal from the United States and are unable to access further public benefits or a work permit.

3.     This action also challenges Defendant's practice of denying extended foster care services to Plaintiffs and similarly situated undocumented children and failing to provide them notice of the denial of extended foster care services and the opportunity for a hearing regarding the denial.

2

4.      Defendant's acts and omissions have subjected Plaintiffs and similarly situated undocumented children to ongoing irreparable harm.  Defendant's acts and omissions have left Plaintiffs and other similarly situated undocumented children abandoned without a means of support or their wellbeing assured, have denied them extended foster care services to which they are otherwise entitled, and have left them subject to removal from the United States.

5.      But for Defendant's violations of Plaintiffs' rights, Plaintiffs would have been provided timely legal assistance as part of their case plans to secure SIJ classification prior to their eighteenth birthdays and they would continue to receive the support of foster care services beyond their eighteenth birthdays.  As a result of the actions and inactions of Defendant, Plaintiffs S.C.G. and K.L.P. do not have SIJ classification and are subject to removal from the United States, have been denied extended foster care services without any notice, and have been abandoned by Defendant without any legal means of supporting themselves.

6.      Defendant's policies and practices regarding undocumented children and youth are discriminatory, arbitrary, and capricious and do not further any substantial state interest.  Defendant's policies and practices frustrate the state's stated interest in securing the moral, emotional, mental, and physical welfare of dependent children and youth such as Plaintiffs and similarly situated

undocumented children and youth in the Defendant's custody. *See* O.C.G.A. § 15-11-1.

7.      Plaintiffs brings this class action on behalf of themselves and similarly situated undocumented children and youth in DFCS custody against Defendant in her official capacity seeking declaratory and injunctive relief to enforce the rights of undocumented children and youth in DFCS custody to have their case plans timely implemented and to due process of law.

## II. JURISDICTION

8.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, which provides for original jurisdiction over all civil suits involving questions of federal law, by 28 U.S.C. §§ 1343(3) and (4), which grant this Court original jurisdiction in all actions authorized by 42 U.S.C. § 1983 to redress the deprivation under color of State law of any rights, privileges, or immunities guaranteed by the U.S. Constitution and Acts of Congress, and by 28 U.S.C. § 1367 which provides for supplemental jurisdiction over all other claims related to the claims giving rise to original jurisdiction.

9.      Plaintiff seeks declaratory, injunctive, and other appropriate relief, pursuant to 28 U.S.C. §§ 2201 and 2202; 42 U.S.C. § 1983; and Fed. R. Civ. P. 23, 57 and 65.

10.     Pursuant to 28 U.S.C. § 1391(b), venue is proper as Defendant Candice Broce's business office as Commissioner of the Georgia Department of Human Services is  located within the Northern District of Georgia and a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Georgia.

### III. PARTIES

11.     Plaintiff S.C.G. is eighteen (18) year old male who lives in Savannah, Georgia, with his former foster parent, Jamanic Reaves.

12.     Jamanic Reaves is representing Plaintiff S.C.G.'s interests in this action as a Next Friend pursuant to Fed.R.Civ.P. 17(c).

13.     Plaintiff K.L.P. is an eighteen(18) year old female who lives in Powder Springs, Georgia.

14.     Defendant Candice Broce is the Commissioner of the Georgia Department of Human Services ("DHS"). *See* O.C.G.A. § 49-2-1. As Commissioner of DHS, Defendant Broce is responsible for the administration and operation of DHS. DFCS is a division of DHS.  DHS is the agency responsible for the work of DFCS and responsible for both the care and custody of S.C.G. and K.L.P. and for the policies and practices challenged herein.  She can be served at the headquarters of the DHS located at 2 Peachtree St., Atlanta, GA  30303. Defendant Broce is sued solely in her official capacity. (Throughout this

complaint, Defendant Broce and DFCS will sometimes be collectively referred to as "Defendant" or "DFCS").

## IV. STATEMENT OF FACTS

15.     Plaintiff S.C.G. is an undocumented national of Guatemala who was abused and abandoned by his parents in the United States. He was in the custody of the Polk County office of DFCS until his 18th birthday in April 2022.  He has lived in Mr. Reaves' home since he was 15 years old.  He is deaf and has been diagnosed with a developmental delay.  He attends school at the Georgia School for the Deaf.

16.     Plaintiff S.C.G. was in the custody of DFCS pursuant to an order of the Polk County (Georgia) Juvenile Court.  Said juvenile court, exercising proper jurisdiction over S.C.G. as a dependent child, entered findings that reunification with one or both of S.C.G.'s parents is not viable due to abuse, battery, abandonment, or neglect under state law and that it would not be in S.C.G's best interests to be returned to his country of nationality or last residence.

17.     Plaintiff K.L.P. is an undocumented national of El Salvador who was in the custody of Georgia DFCS pursuant to an order of the Clarke County (Georgia) Juvenile Court.  Said juvenile court, exercising proper jurisdiction over K.L.P as a dependent child, entered findings that reunification with one or both of K.L.P.'s parents was not viable due to abuse, battery, abandonment, or neglect

under state law and that it would not be in K.L.P's  best interests to be returned to her country of nationality or last residence.

18.     State and federal law requires DFCS to develop and implement a detailed case plan for each of the Plaintiffs upon entering foster care. See O.C.G.A. § 15-11-201; 42 U.S.C. § 671(a)(16).

19.     Because Plaintiffs were undocumented children in foster care whom the Juvenile Courts determined should not be reunified with one or both parents due to abuse or neglect, they are eligible for  Special Immigrant Juvenile ("SIJ") classification. *See* 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11.

20.     The classification of SIJ status was created by Congress to provide humanitarian protection for abused, neglected, or abandoned child immigrants eligible for long-term foster care. *See* U.S. Citizenship and Immigration Services Policy Manual, Volume 6, Part J, Chapter 1 (available at:

https://www.uscis.gov/policy-manual/volume-6-part-j-chapter-1).

21.     SIJ status is an immigration classification available to certain undocumented immigrants under the age of 21 who have been abused, neglected, or abandoned by one or both parents. 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11.

22.     Securing SIJ status protects the young person from removal from the United States.

7

23.    A child or youth with SIJ status may adjust her or his status to that of a lawful permanent resident, obtain work authorization, and eventually apply for U.S. citizenship. *See* 8 U.S.C. § 1255(h).

24.    DFCS policy required the agency to pursue a permanency case plan for Plaintiffs and similarly situated undocumented children in DFCS custody that included seeking immigration status relief under the SIJ classification. *See* Exhibit 1, DFCS Policy No. 10.17.

25.    DFCS developed a permanency case plan for each Plaintiff.  Upon information and belief, the permanency case plan included seeking the SIJ classification for each Plaintiff.

26.    Because Plaintiffs were not candidates for reunification with their parents, DFCS was required to make reasonable efforts to complete whatever steps were necessary to finalize Plaintiffs' permanency case plans.  O.C.G.A. § 15-11-203(b)(2); 42 U.S.C. § 671(a)(15)(E)(ii).

27.    DFCS has taken the policy position that it cannot procure the assistance of an attorney to pursue the SIJ classification as part of a permanency plan for undocumented children under 18 due to restrictions set forth in the Georgia Security and Immigration Compliance Act of 2006 (2005 Ga. Senate Bill 529)("GSICA"). *See* DFCS Policy No. 10.17.

28.     However, GSICA only requires the verification of immigration status for persons **over the age of 18**.  Additionally, verification of lawful presence shall not be required for any purpose for which lawful presence in the United States is not required by law, ordinance, or regulation. O.C.G.A. § 50-36-1(c)(1).

29.     DFCS failed to timely pursue SIJ classification for Plaintiffs as part of their permanency case plans by retaining qualified legal counsel to apply for the SIJ classification.  As a result, Plaintiffs' applications for the SIJ classification were substantially delayed.

30.     DFCS  will regularly retain legal counsel for children in custody if required to obtain needed benefits or services as part of the permanency plan such as eligibility for supplemental security income ("SSI") payments from the Social Security Administration or special education services from public schools.

31.     As a result of DFCS's failure to timely pursue the SIJ classification, advocates for Plaintiffs had to locate and engage *pro bono* attorney services to apply for the SIJ classification on their behalf.  Such free legal services are often hard to obtain, and, upon information and belief, the process for obtaining the SIJ classification is backlogged and delayed, taking a year or more.

32.     Plaintiff S.C.G. turned 18 in April 2022.  An SIJ application was submitted on his behalf by a pro bono attorney in April 2022.  S.C.G. has not yet been granted a SIJ classification.

33.     Plaintiff K.L.P. turned 18 in May 2021  An SIJ application was submitted on her behalf by a pro bono attorney.  K.L.P. has not yet been granted a SIJ classification.

34.     As a direct and proximate result of Defendant's denial of immigration legal counsel to Plaintiff S.C.G, a timely application for an SIJ classification was not submitted on S.C.G.'s behalf and he did not have legal status when he turned 18 in April 2022 and is subject to removal from the United States.

35.     As a direct and proximate result of Defendant's denial of immigration legal counsel to Plaintiff K.L.P, a timely application for an SIJ classification was not submitted on K.L.P.'s behalf and she did not have legal status when she turned 18 in May 2021 and is subject to removal from the United States.

36.     The State of Georgia, through DFCS, participates in the John H. Chafee Foster Care Program for Successful Transition to Adulthood ("Chafee Program"), as modified by the Fostering Connections to Success and Increasing Adoptions Act of 2008 (P.L. 110-351), codified at 42 USC § 677.  This statute provides the State with benefits for foster youth transitioning to adulthood, generally referred to as an "independent living program" or "extended foster care." It is widely recognized that youth in foster care who do not achieve permanency by the age of 18 face high rates of homelessness, unemployment, severe poverty, and

other challenges.[1]  The Chafee Program is designed "to provide financial, housing counseling, employment, education, and other appropriate support and services to former foster care recipients between 18 and 21 years of age . . . to complement their own efforts to achieve self-sufficiency."  42 USC § 677 (a)(4).  The Fostering Connections Act bolstered the Chafee program and made extended foster care services an entitlement for qualifying youth.

37.    Georgia annually receives federal funds through The Fostering Connections Act to provide extended foster care services to qualifying youth.  To receive such funds, the Governor is required to certify that "the State will provide assistance and services to youths who have aged out of foster care and have not attained 21 years of age . . . ."  42 USC § 677 (b)(3)(i).  On information and belief, Georgia's Governor has so certified.

38.    To implement the provision assuring Chafee Program services are provided to former foster youth, Georgia's General Assembly enacted OCGA § 15-11-340 through 15-11-342 to provide extended foster care to youth between the ages of 18 and 21.

39.    Under Georgia law, children in foster care who do not find a permanent home before their 18th birthday through reunification with family,

---

[1] https://www.aecf.org/blog/first-of-its-kind-national-data-track-troubling-outcomes-of-youth-transitioning

guardianship, or adoption are eligible for extended foster care until the age of 21.

See O.C.G.A. § 15-11-340. Children in extended foster care can continue to

receive residential, vocational, and educational support necessary to their

becoming responsible adults.

40.    Youth in extended foster care are defined as "children" pursuant to

OCGA § 15-11-2 and remain eligible for these services so long as they meet one of

the following criteria set forth in OCGA § 15-11-340 (a):

(1) Be completing secondary education or a program leading to an equivalent credential;
(2) Be enrolled in an institution which provides postsecondary or vocational education;
(3) Be a participant in a program or activity designed to promote or remove barriers to employment;
(4) Be employed for at least 120 hours per month;
(5) Be employed for 80 hours per month, provided that he or she is also engaged in one of the activities described in paragraphs (1) through (3) of this subsection or can only work 80 hours per month due to a medical condition; or
(6) Be incapable of doing any of the activities described in paragraphs (1) through (5) of this subsection due to a medical condition.

41.    Defendant did not find a permanent home for Plaintiffs prior to either

of them turning 18 through reunification with family, guardianship, or adoption.

42.    Given his disability and the fact that he remains in high school,

Plaintiff S.C.G. meets one or more of the above criteria, making him categorically

eligible for extended foster care.

43.     Plaintiff K.L.P also qualifies for extended foster care pursuant to these criteria as she is still in high school.

44.     Plaintiff K.L.P was provided extended foster care services after turning 18 but was ejected from extended foster care by Defendant around November, 2021.

45.     Plaintiff K.L.P. was not provided by Defendant with notice of the reasons for the denial of extended foster care services nor was she provided an opportunity to request a hearing to challenge the denial.

46.     Plaintiff S.C.G. was not afforded by Defendant an opportunity to apply for extended foster care services upon his eighteenth birthday.

47.     Plaintiff S.C.G. was also not informed in writing or otherwise that he was denied extended foster care services or provided an opportunity to request a hearing to challenge the denial.

48.     Defendant has denied Plaintiffs and similarly situated undocumented children in DFCS custody extended foster care services to which they are entitled under Georgia law and has done so without any notice to them or an opportunity to challenge the denial through a hearing.

## IV. CLASS ALLEGATIONS

49.    Plaintiff brings this class action on behalf of themselves and all other individuals similarly situated in the State of Georgia pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

50.    The Plaintiff brings this action as a statewide class action on behalf of:

All undocumented individuals under the age of 21 as of April 4, 2022, who (1) are in the custody of Georgia DFCS or were in the custody of Georgia DFCS when they turned 18 years of age; (2) have been or will be determined by a Georgia juvenile court with jurisdiction over the individual to meet the following criteria prior to the age of 18:  (a) that the child is dependent as defined by Georgia law; (b) that reunification with one or both of the child's parents is not viable due to abuse, battery, abandonment, neglect, or similar basis under Georgia law; and (c) that it would not be in the child's best interest to be returned to his or her country of nationality or last residence; and (3) have been or will be denied legal representation by DFCS in timely applying for a Special Immigrant Juvenile classification visa in furtherance of their permanency plans so they qualify for extended foster care services upon turning 18.

51.    The requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure are met for the following reasons:

a.   The class is so numerous that joinder of all members is impracticable.  On information and belief, the number of putative class members currently exceeds 50 children and youth, and many new class members will enter the class during the pendency of this litigation;

b.   The claims of the named Plaintiffs and Plaintiff Class raise common questions of law and fact. Each of the putative class

14

members has been or will be subjected to the arbitrary, capricious, and discriminatory policies and practices of Defendant. Each has or will be denied timely and effective implementation of their case plan by Defendant. Each has or will have the same legal status as undocumented children eligible for the SIJ classification who are or have recently been in the custody of DFCS and who are, have been, or will be denied by Defendant the benefits of State-provided timely legal assistance to obtain the SIJ classification prior to turning 18. Each has or will be denied extended foster care services by Defendant without notice or an opportunity for a hearing to challenge the denial.

c. The claims of the Plaintiffs are typical of the claims of the class in that the claims of the class and the representative Plaintiffs arise from the same policies and practices of Defendant to deny implementation of their case plans, and to deny them extended foster care services without notice or a hearing.

d. The representative Plaintiffs will fairly and adequately protect the rights of the class because they suffer from the same deprivation as the other class members and have been denied the same federal right they seeks to enforce on behalf of those other class members.

e. The Plaintiffs' interests in obtaining injunctive relief for the violations of their rights and privileges are consistent with and not antagonistic to those of any person within the class.

f. The interests of the class will be adequately protected as Plaintiffs are represented by attorneys with deep experience in federal and state child welfare law and policy as well as class action management.

52.   Defendant has acted on grounds generally applicable to the class by violating the class members' rights under the Adoption Assistance and Child Welfare Act, 42 U.S.C. § 671(a)(16), their rights under O.C.G.A. §§ 15-11-201&203(b)(2), and their rights under the 14th Amendment and the Georgia Constitution to due process of law, thereby making it appropriate for declaratory and injunctive relief on behalf of the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## V. LEGAL CLAIMS

### COUNT I – Violation of the Adoption Assistance and Child Welfare Act, 42 U.S.C. § 671 *et seq*.

53.   Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 52.

54.   Each child in DFCS custody has a right to a case plan consistent with the best interests and special needs of the child pursuant to 42 U.S.C. § 671(a)(16).

16

55.     Defendant and her agents violate 42 U.S.C. § 671(a)(16) when they fail to develop and timely implement the case plans of undocumented children in DFCS custody such as the Plaintiffs and Plaintiff Class by failing to timely secure legal counsel for them to apply for the SIJ classification and secure their lawful status prior to turning 18.

56.     Defendant's acts and omissions subject Plaintiffs and the Plaintiff Class to ongoing irreparable harm as their status in the United States is not secured and they are abandoned and left without a permanent home or a means of support upon turning 18 years of age in direct contradiction to their permanency plans.

57.      Plaintiffs seek injunctive and declaratory relief on behalf of themselves and similarly situated undocumented children and youth in DFCS custody against Defendant in her official capacity under 42 U.S.C. § 1983 to enjoin violations of 42 U.S.C. § 671(a)(16).

**COUNT II – Violation of O.C.G.A. § 15-11-200 *et seq*.**

58.     Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 52.

59.     Each child in DFCS custody has a right to a case plan consistent with the best interests and special needs of the child pursuant to O.C.G.A. § 15-11-201.

60.     Defendant and her agents violate O.C.G.A. §§ 15-11-201 & 203(b)(2) when they fail to develop and timely implement the case plans of undocumented

17

children in DFCS custody such as the Plaintiffs and Plaintiff Class by failing to timely secure legal counsel for them to apply for the SIJ classification and secure their lawful status prior to turning 18.

61.    Defendant's acts and omissions subject Plaintiffs and the Plaintiff Class to ongoing irreparable harm as their status in the United States is not secured and they are abandoned and left without a permanent home or a means of support upon turning 18 years of age in direct contradiction to their permanency plans.

62.    Plaintiffs seek injunctive and declaratory relief on behalf of themselves and similarly situated undocumented children and youth in DFCS custody against Defendant in her official capacity to enjoin violations of O.C.G.A. §§ 15-11-201 & 203(b)(2).

**COUNT III – Violation of the Due Process Clause of the 14th Amendment**

63.    Plaintiffs reallege and incorporate all of the allegations contained in paragraphs 1 through 52.

64.    Under the Fourteenth Amendment of the United States Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law."

65.    The Due Process Clause of the Fourteenth Amendment "requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." *Grayden v. Rhodes*, 345 F.3d 1225, 1232

(11th Cir. 2003)(citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865 (1950)).

66.     Recipients of public benefits "ha[ve] a 'property' interest in their continued receipt." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 320 n.8 (1985).

67.     Plaintiffs and similarly situated undocumented children in DFCS custody who will not find a permanent home before their 18th birthday are entitled to continued foster care benefits pursuant to O.C.G.A. § 15-11-340.

68.     Defendant and her agents violate the Due Process Clause of the Fourteenth Amendment when they deny undocumented children in DFCS custody such as Plaintiffs and the Plaintiff Class extended foster care services without notice and an opportunity to be heard.

69.     Defendant's acts and omissions subject Plaintiffs and the Plaintiff Class to ongoing irreparable harm as they are abandoned and left without a permanent home or a means of support upon turning 18 years of age.

70.     Plaintiffs seek injunctive and declaratory relief on behalf of themselves and similarly situated undocumented children in DFCS custody against Defendant in her official capacity under 42 U.S.C. § 1983 to enjoin violations of the Due Process Clause of the Fourteenth Amendment.

**COUNT IV – Violation of the Due Process Clause of the Georgia Constitution**

71.     Plaintiffs reallege and incorporate all of the allegations containe in paragraphs 1 through 52.

72.     Under the Georgia Constitution, "No person shall be deprived of life, liberty, or property except by due process of law." Ga. Const. art. I, § 1, ¶ I.

73.     Plaintiffs and similarly situated undocumented children in DFCS custody who will not find a permanent home before their 18th birthday are entitled to continued foster care benefits pursuant to O.C.G.A. § 15-11-340.

74.     Defendant and her agents violate the Due Process Clause of the Georgia Constitution when they deny undocumented children in DFCS custody such as Plaintiffs and the Plaintiff Class extended foster care services without notice and an opportunity to be heard.

75.     Defendant's acts and omissions subject Plaintiffs and the Plaintiff Class to ongoing irreparable harm as they are abandoned and left without a permanent home or a means of support upon turning 18 years of age.

76.     Plaintiffs seek injunctive and declaratory relief on behalf of themselves and similarly situated undocumented children in DFCS custody against Defendant in her official capacity to enjoin violations of the Due Process Clause of the Georgia Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

(a)    Certify this action as a class action and appoint Plaintiffs as Class

Representatives;

(b)    Declare that Defendant's failure to implement the case plans of Plaintiffs

and similarly situated members of the Plaintiff Class a violation of their rights

under 42 U.S.C. § 471(a)(16);

(c)    Declare that Defendant's failure to implement the case plans of Plaintiffs

and similarly situated members of the Plaintiff Class a violation of their rights

under O.C.G.A. §§ 15-11-201 & 203(b)(2);

(d)    Declare that Defendant's failure to provide Plaintiffs and similarly situated

members of the Plaintiff Class with timely and adequate notice and an opportunity

for a hearing regarding the denial of extended foster care services a violation of the

Due Process Clause of the 14th Amendment to the U.S. Constitution;

(e)    Declare Defendant's failure to provide Plaintiffs and similarly situated

members of the Plaintiff Class with timely and adequate notice and an opportunity

for a hearing regarding the denial of extended foster care services a violation of the

Due Process Clause of the Georgia Constitution;

(f)    Issue preliminary and permanent injunctive relief enjoining Defendant from

failing to implement the case plans of the Plaintiffs and members of the Plaintiff

Class;

(g)    Issue preliminary and permanent injunctive relief enjoining Defendant from failing to provide extended foster care services to Plaintiffs and members of the Plaintiff Class upon turning 18 years of age pending the determination of SIJ classification for the Plaintiffs and Plaintiff Class;

(h)    Issue preliminary and permanent injunctive relief enjoining Defendant from failing to provide timely and adequate notice and a hearing to Plaintiffs and members of the Plaintiff Class regarding the denial of extended foster care services;

(i)    Award Plaintiffs their litigation costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(j)    Award such other relief as may be just, equitable and appropriate.

Respectfully submitted this 21st day of June, 2022.

s/Thomas Rawlings
Georgia Bar No. 595795

**TAYLOR ENGLISH AND DUMA LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone:  (770) 434-6868
Facsimile:   (770) 434-7376
E-mail:  trawlings@taylorenglish.com

s/ Joshua H. Norris
Georgia Bar No. 545854

**Law Office of Joshua H. Norris, LLC**
One West Court Square

Suite 750
Decatur, Georgia 30030
Telephone:   (404)867-6188
Facsimile:   (404)393-9680
E-mail:        josh.norris@childrenshealthlaw.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing

**Amended Class Action Complaint for Declaratory and Injunctive Relief** with

the Clerk of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

> Kirby G. Mason
> T. Mills Fleming
> HUNTER, MACLEAN, EXLEY & DUNN, P.C.
> Post Office Box 9848
> Savannah, GA  31412
> kmason@huntermaclean.com
> mfleming@huntermaclean.com

This 21st day of June, 2022.

> /s/ Joshua H. Norris
> Georgia Bar No. 545854