IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| S.C.G. a minor child, through his next friend, JAMANIC REAVES, and K.L.P., on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>CANDICE BROCE, in her official capacity as COMMISSIONER OF THE GEORGIA DEPARTMENT OF HUMAN SERVICES,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 1:22-CV-01324-LMM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1. Description of Case:**

  **(a) Describe briefly the nature of this action.**

*Plaintiffs' contentions*:

  Plaintiffs bring this civil rights lawsuit against the Commissioner of the Georgia Department of Human Services ("DHS") on behalf of themselves and a putative class of children and young adults who are undocumented aliens in the custody of the Georgia Division of Family and Children Services ("DFCS"). Their claims relate to extended foster care benefits available in some circumstances after a child reaches the age of 18. Plaintiffs contend that Defendant violated: (1) the federal Adoption Assistance and Child Welfare Act ("AACWA"), 42 U.S.C. § 671(a)(16), when it failed to timely implement the case plans of Plaintiffs and similarly situated undocumented children and youth in DFCS custody and pursue a Special Immigrant Juvenile ("SIJ") visa classification on behalf of Plaintiffs and similarly situated undocumented children and youth; (2) O.C.G.A. §§ 15-11-201 & 203(b)(2) when it failed to timely implement the case plans of Plaintiffs and similarly situated undocumented children and youth in DFCS custody and timely

pursue a Special Immigrant Juvenile ("SIJ") visa classification on behalf of Plaintiffs and similarly situated undocumented children and youth; (3) the Due Process Clause of the 14th Amendment when it did not provide extended foster care benefits to Plaintiffs and similarly situated undocumented youth beyond their 18th birthdays without notice and an opportunity to be heard; and (4) the Due Process Clause of the Georgia Constitution when it did not provide extended foster care benefits to Plaintiffs and similarly situated undocumented youth beyond their 18th birthdays without notice and an opportunity to be heard.  Plaintiffs seek class certification and declaratory and injunctive relief on behalf of themselves and similarly situated undocumented children to correct these perceived wrongs.

*Defendants' Contentions*:

This action relates to Plaintiffs, undocumented foster children, who cannot be reunited with their families or repatriated to their country of origin and their frustration in obtaining SIJS status through the United States Citizenship and Immigration Services ("USCIS") after the Juvenile court has made the necessary factual determinations, as well as their frustration in obtaining "qualified alien" status (which may take years depending on their country of origin) to enable them to apply for extended foster care benefits.

Defendants are moving to dismiss the Amended Complaint on multiple grounds, including for lack of subject matter jurisdiction. Furthermore, since the class has not been certified and since KLP's and SCG's claims lack standing or are otherwise moot, the entire class should be dismissed.  Defendant states that they believe that the parties may be using the term SIJ classification differently and that Plaintiffs have misunderstandings relating to the efforts of DFCS to assist Plaintiffs in securing SIJ classification, the process for seeking extended foster care benefits and the opportunities to express concerns about unavailability of such benefits.

**(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

*Plaintiffs' Contentions*:

Plaintiffs S.C.G. and K.L.P. are undocumented youth who were taken into the custody of DFCS when they were minors. Georgia juvenile courts determined for each Plaintiff that reunification with one or both parents was not viable due to abuse, battery, abandonment, or neglect and that it would not be in their best interests to

2

returned to their country of nationality or last residence. Based on these rulings, Plaintiffs were eligible to apply for the SIJ visa classification which, if granted, would protect the Plaintiffs from removal from the United States and permit them to adjust their status to lawful permanent resident, obtain work authorization, and eventually apply for U.S. Citizenship. DFCS policy required the agency to pursue a permanency plan for each Plaintiff that included seeking immigration status relief under the SIJ visa classification.). DFCS prepared a permanency plan for each Plaintiff that included seeking the SIJ visa classification for each Plaintiff. DFCS policy prohibits the procurement of private attorneys to pursue the SIJ visa classification as part of the permanency plan for undocumented children under 18 due its interpretation of the Georgia Security and Immigration Compliance Act of 2006 (2005 Ga. Senate Bill 529)("GSICA"). GSICA only requires the verification of immigration status for persons over the age of 18. DFCS did not pursue SIJ visa classification for Plaintiffs as part of their case plans and Plaintiffs' application for SIJ visa classification was substantially delayed. Advocates for Plaintiffs procured the assistance of *pro bono* attorneys to apply for SIJ visa classification on their behalf. Each Plaintiff turned 18 without having obtained SIJ visa classification.

DFCS did not find permanent homes for Plaintiffs prior to their turning 18. Upon turning 18, a child in DFCS custody ages out of the foster care system at which time the child is no longer entitled to dependency benefits. O.C.G.A. § 15-11-214(c). Certain children in foster care who do not find a permanent home before their 18th birthday through reunification with family, guardianship or adoption may apply to receive extended foster care benefits through a separate joint federal and state program. *See* 42 U.S.C. § 677; O.C.G.A. § 15-11-340. Plaintiff KLP was provided extended foster care services by DFCS upon turning 18 but was ejected from those services by DFCS around November 2021. Plaintiff KLP was not provided notice of the reasons for the denial of extended foster care services by DFCS nor an opportunity to request a hearing to challenge the denial. Plaintiff SCG was not afforded an opportunity by DFCS to apply for extended foster care services upon turning 18. Plaintiff SCG was not provided notice of the denial of extended foster care services by DFCS nor an opportunity to request a hearing to challenge the denial.

*Defendant's Contentions*:

Defendant states that its primary objective is to reunify foster children with their family when possible. The ability to do so and the length of time required to

determine whether that is feasible varies depending on the individual situations. If reunification proves unfeasible, DFCS must determine if undocumented foster children can be repatriated to their native country prior to seeking the necessary finding to support SIJ visa classification.

Georgia law prohibits use of government funds to pay for immigration counsel, but it considers and utilizes community resources to locate *pro bono* counsel to provide immigration representation.

Defendant created case plans for Plaintiffs which were presented to Juvenile Court for review and approval. Plaintiffs had legal representation during foster care and an opportunity to address any perceived deficiencies in DFCS's action or inaction within Juvenile Court, which made determinations as to the reasonableness of DFCS's plans.

Defendant anticipates that discovery will show that each of the Plaintiffs secured immigration counsel before their 18th birthday and that DFCS was instrumental in obtaining the Juvenile Court Order needed to pursue the SIJ visa classification application. SIJ visa classification can be granted only by the United States Citizenship and Immigration Services ("USCIS") and is outside of the control of Defendant.

Acquisition of SIJ visa classification, alone, will not confer "qualified alien" status on Plaintiffs to enable them to apply for federal, state or local public benefits. To become a "qualified alien" Plaintiffs must obtain both SIJ visa classification and lawful permanent resident status ("LPR"). LPR can only be obtained if a visa number is available. *See* 8 U.S.C. 1255(a) and (h). For applicants from certain nationalities with a high demand for LPR, including Guatemala and El Salvador (the nationalities of the respective Plaintiffs), a visa number may not become available for several years to enable them to file for LPR. Again, this is out of Defendants' control. Plaintiffs have not obtained LPR so as to be able to apply for public benefits.

Foster children normally "age out" of the foster care program at age 18. During the pandemic, foster care benefits were continued without regard to age until October 1, 2021, at which time they automatically ceased for those who had obtained 18 years of age, which explains the reason that KLP continued to receive benefits past her 18th birthday. Plaintiffs did not apply to receive extended foster care benefits and are not currently eligible for public benefits due to their immigration status.

4878-1274-7811 v4

**(c)     The legal issues to be tried are as follows:**

Whether Plaintiffs' claims are barred by the legal principles of standing, mootness, abstention, and/or insufficient pleading.

If the claims are not barred:

Whether Defendant violated the Adoption Assistance and Child Welfare Act, 42 U.S.C. § 671(a)(16) by failing to implement the case plans of Plaintiffs and similarly situated undocumented children in relation to pursuit of a Special Immigrant Juvenile classification for Plaintiffs and the Plaintiff Class.

Whether Defendant violated O.C.G.A. §§ 15-11-201 & 203(b)(2) by failing to implement the case plans of Plaintiffs and similarly situated undocumented children in relation to pursuit of a Special Immigrant Juvenile classification for Plaintiffs and the Plaintiff Class.

Whether Defendant violated the Due Process Clause of the 14th Amendment when it did not provide extended foster care benefits to Plaintiffs and similarly situated undocumented children upon turning 18 without notice and an opportunity to be heard.

Whether Defendant violated the Due Process Clause of the Georgia Constitution when it did not provide extended foster care benefits to Plaintiffs and similarly situated undocumented children upon turning 18 without notice and opportunity to be heard.

Whether class certification is warranted under Fed.R.Civ.P. 23.

Defendants state that additional legal issues such as waiver, res judicata and collateral estoppel will need to be considered in relation to the reasonableness of DFCS's action which were overseen by Juvenile Court.

**(d)     The cases listed below (include both style and action number) are:**

**(1)     Pending Related Cases:**

To the extent that such claims involves class members under the jurisdiction of the Georgia Juvenile Courts, there would be pending related cases, but discovery would be required to obtain the identify of

such persons/cases.

**(2)    Previously Adjudicated Related Cases:**

Plaintiffs' and the putative class' cases in Juvenile Court relating to the actions of DFCS and reasonableness determinations made by such court.

SCG's case is styled, *In the Interest of SCG*, pending in the Juvenile Court of Polk County, Case no. 115-20-835. KLP's case is styled, *In the Interest of KLP*, pending in the Juvenile Court of Athens-Clarke County, Case No. 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.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

   **X**  (1)    Unusually large numbers of parties (if class certification occurs)
   ___  (2)    Unusually large number of claims or defenses
   **X**  (3)    Factual issues are exceptionally complex
   **X**  (4)    Greater than normal volume of evidence (if class certification occurs)
   **X**  (5)    Extended discovery period is needed
   **X**  (6)    Problems locating or preserving evidence
   **X**  (7)    Pending parallel investigations or action by government
   ___  (8)    Multiple use of experts
   ___  (9)    Need for discovery outside United States boundaries
   **X**  (10)   Existence of highly technical issues and proof
   **X**  (11)   Unusually complex discovery of electronically stored information

If the Defendant's motion to dismiss is denied, Plaintiffs will be moving for class certification and will seek additional discovery regarding the proposed class.

**3.    Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

6

|  |  |
|---|---|
| **Plaintiff:** | Thomas Rawlings |
|  | Taylor English and Duma LLP |
|  | 1600 Parkwood Circle |
|  | Suite 200 |
|  | Atlanta, GA 30339 |
|  |  |
| **Defendant:** | T. Mills Fleming |
|  | Hunter, Maclean, Exley & Dunn, P.C. |
|  | P.O. Box 9848 |
|  | 200 East Saint Julian Street |
|  | Savannah, Georgia 31412-0048 |
|  | (912) 236-0261 (telephone) |
|  | (912) 236-4936 (facsimile) |

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

    X Yes                    _____ No

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

None known.

**(b)     The following persons are improperly joined as parties:**

None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

The parties agree that they will comply with this continuing duty.

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Plaintiffs have filed an Amended Complaint.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery unless the filing party has obtained prior permission from the court to file later. Local Rule 7.1A(2).**

**(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

8

**(d)** *Motions Objecting to Expert Testimony*: **Daubert** motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

A proposed consolidated pretrial order will be filed by the parties in accordance with Local Rule 16.4.

**8.   Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties do not object to filing initial disclosures.

**9.   Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time, but reserve the right to request a scheduling conference at a later date.

**10.   Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

4878-1274-7811 v4

- Proposed Plaintiff Class;

- Case plans of the Plaintiffs and the proposed Plaintiff Class;

- Defendant's policies and practices regarding undocumented children;

- Defendant's policies and practices regarding case plan development and implementation;

- Defendant's policies and practices regarding the provision of legal services to implement the case plans of children in custody;

- Defendant's policies and practices regarding the provision of extended foster care services;

- Any defenses asserted by Defendant;

- Retention of immigration counsel; and

- Immigration filings and determinations.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

**Plaintiffs anticipate seeking discovery in two phases: first, as to the proposed class; and second, as to the Plaintiffs' claims. Plaintiffs may seek additional depositions or interrogatories than provided for by the Fed. R. Civ. P.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Defendants anticipate re-filing a Motion to Stay discovery pending the court's resolution of a Motion to Dismiss in order to avoid incurring any unnecessary cost

10

or expense.

      **(b)**    **Is any party seeking discovery of electronically stored information?**

   _X_   Yes                   _____   No

**If "yes,"**

     **(1)**    **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

     The parties have conferred about the production of ESI and believe that this may be limited to Defendant's case files of the Plaintiffs and representative class members and immigration records for each.

     **(2)**    **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

     The parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense. Unless the requesting party specifies the format, the producing party may provide the requested information in native format, paper form, or in static .pdf files. If the parties need any metadata or if search methodologies become necessary, the parties agree to confer in an attempt to reach an agreement regarding the method of culling voluminous materials. The parties agree to cooperate in the development of a list of such terms that will be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that the production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach an agreement, they shall jointly seek guidance from the Court.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.** **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties agree that a confidentiality and protective order is necessary to protect information about the Plaintiffs and putative class members. The parties will separately move the Court for entry of protective order.

**13.** **Settlement Potential:**

**(a)** **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 15, 2022, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:**  Lead counsel (signature): */s/ Thomas Rawlings*

**Other participants:**  */s/ Joshua H. Norris*

**For defendant:**  Lead counsel (signature): */s/ T. Mills Fleming*

**Other participants:**  */s/ Kirby G. Mason*

**(b)** **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(X)   A possibility of settlement before discovery.
(X)   A possibility of settlement after discovery.
(_)   A possibility of settlement, but a conference with the judge is needed.
(_)   No possibility of settlement.

**(c)** **Counsel (X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** 30 days after filing of the proposed Motion to Dismiss.

**(d)   The following specific problems have created a hindrance to a settlement of this case.**

Consideration of the factual and legal issues.

**14.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)   The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)   The parties (<u>X</u>) do not consent to having this case tried before a magistrate judge of this Court.

This <u>6th</u> day of July, 2022.

| | |
|---|---|
| TAYLOR ENGLISH AND DUMA LLP | HUNTER, MACLEAN, EXLEY & DUNN P.C. |
| */s/ Thomas C. Rawlings* | */s/ T. Mills Fleming* |
| Thomas C. Rawlings | T. Mills Fleming |
| Georgia Bar No. 595795 | Special Assistant Attorney General |
| | State Bar No. 263560 |
| 1600 Parkwood Circle, Suite 200 | |
| Atlanta, Georgia 30339 | Post Office Box 9848 |
| Telephone: (770) 434-6868 | Savannah, Georgia 31412 |
| Facsimile: (770) 434-7376 | Telephone: (912) 236-0261 |
| trawlings@taylorenglish.com | Facsimile: (912) 236-4936 |
| | mfleming@huntermaclean.com |

4878-1274-7811 v4

Defendant's Jurisdictional statement:

Defendant contends that the Court lacks jurisdiction in this matter because Plaintiffs lack standing, or their claims are otherwise moot.

Plaintiffs seek injunctive relief to require defendant to take certain actions prior to their 18th birthday. Plaintiffs have already reached their 18th birthday without such actions occurring and it is now impossible to obtain the relief requested.

Plaintiff SCG lacks standing to assert his claims or alternatively, his claims are moot. Although SCG was under the age of 18 at the time suit was filed, he has since reached the age of 18. Plaintiff KLP lacks standing because she was already 18 at the time suit was filed.

Defendant also contends that the Court should decline to exercise jurisdiction in this matter based on the *Younger* abstention doctrine (*Younger v. Harris*, 401 U.S. 37 (1971)) on the basis that DFCS's conduct in question is already supervised by the Georgia Juvenile Court and Plaintiffs' request for injunctive relief would require this Court to usurp and/or interfere with the role of the Georgia Juvenile Court on an on-going basis.

Defendant further contends that the court should decline to exercise jurisdiction in this matter on the basis the Plaintiffs' pleadings fail to satisfy the requirements of *Iqbal (Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)*, Twombly (Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))*, and their progeny as stated in Defendants' Motion to Dismiss.

4878-1274-7811 v4